# Cooper & Kirk
Lawyers
A Professional Limited Liability Company

David. H. Thompson  
(202) 220-9659  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

July 18, 2023

**<u>VIA CM/ECF</u>**

Catherine O'Hagan Wolfe  
Clerk of Court  
U.S. Court of Appeals for the Second Circuit  
Thurgood Marshall United States Courthouse  
40 Foley Square  
New York, New York 10007

Re: **<u>*Christian v. Nigrelli*, No. 22-2987</u>**

Dear Ms. Wolfe:

Pursuant to Rule 28(j), I write to alert the Court to the Eleventh Circuit's recent order in *National Rifle Association v. Bondi*, No. 21-12314, 2023 WL 4542153 (11th Cir. July 14, 2023) (attached as Ex. A), granting rehearing en banc and vacating the prior panel opinion. That case concerns a state prohibition on selling firearms to 18-to-20-year-olds, which the panel had deemed consistent with the Second Amendment under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). As relevant, the panel held that, "where a State law is at issue," "the understanding of the Second Amendment right that ought to control . . . is the one shared by the people who adopted the Fourteenth Amendment, not the Second." *Bondi*, 61 F.4th 1317, 1322 (11th Cir. 2023) (internal quotation marks omitted). Thus, according to the panel, states could carry their burden to produce "well-established" historical analogues for challenged firearm regulations by producing purported analogues adopted during Reconstruction, decades after the Second Amendment's ratification in 1791. *Bruen*, 142 S. Ct. at 2133.

The State relies on this holding here. *See* Reply Br. for Appellant at 24, Doc. 141 (Mar. 15, 2023). Indeed, the *Bondi* panel opinion is the State's principal authority for the claim that evidence from the Reconstruction era is "even 'more probative of the Second Amendment's scope than' evidence from the Founding era." *Id*. (quoting *Bondi*, 61 F.4th at 1322). The State makes the same claim, based on the same *Bondi* opinion, in *Spencer v. Nigrelli*, another case before this Court arising from the State's recent efforts to undermine the constitutional right to carry firearms. *See* Reply Br. for Appellant at 25–26, *Spencer*, No. 22-3237, Doc. 84 (2d Cir. Mar. 10, 2023).

As explained in Plaintiffs' brief, the Second Amendment right that applies against the states today is the right that was ratified at the Founding. *See* Br. of Pls.-Appellees at 36, Doc. 118 (Mar. 6, 2023). The *Bondi* panel opinion was therefore incorrect, and, after the Eleventh Circuit's order, it is no longer the law even of that circuit.

1

Respectfully submitted,

s/David H. Thompson
David H. Thompson
COOPER & KIRK, PLLC
1523 New Hampshire Ave., N.W.
Washington, DC 20036
(202) 220-9600
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

cc: All counsel of record via CM/ECF

2

# EXHIBIT A

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-12314

_____

NATIONAL RIFLE ASSOCIATION,
RADFORD FANT,

                                                  Plaintiffs-Appellants.

*versus*

PAM BONDI,
In her official capacity as Attorney General of Florida, et al.,

                                                  Defendants,

COMMISSIONER, FLORIDA DEPARTMENT
OF LAW ENFORCEMENT,

                                                  Defendant-Appellee.

2                     Order of the Court                     21-12314

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:18-cv-00137-MW-MAF

_____

Before WILLIAM PRYOR, Chief Judge, WILSON, JORDAN, ROSENBAUM, JILL PRYOR, NEWSOM, BRANCH, GRANT, LUCK, LAGOA, BRASHER, and ABUDU, Circuit Judges.

BY THE COURT:

A petition for rehearing having been filed and a member of this Court in active service having requested a poll on whether this appeal should be reheard by the Court sitting en banc, and a majority of the judges in active service on this Court having voted in favor of granting rehearing en banc, IT IS ORDERED that this appeal will be reheard en banc. The panel's opinion is VACATED.